SUMMARY ORDER
Petitioner’s Motion to File Amended Petition as a Consolidated Petition is GRANTED and his two petitions for review are hereby consolidated in accordance with 8 U.S.C. § 1252(b)(6).
UPON DUE CONSIDERATION of this consolidated petition for review of a decision of the Board of Immigration Appeals (“BIA”), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.
You-Kai He (A72-477-123) petitions for review of the BIA’s order affirming the immigration judge’s (“IJ”) denial of asylum and withholding of deportation, and from the BIA’s order denying his motion to reopen proceedings. We presume the parties’ familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.
The IJ, Gabriel C. Viaela, denied He’s claims for relief because the IJ found He not to be credible, and therefore unable to meet his burdens of proof for asylum and withholding of deportation. Specifically, the IJ found that there were numerous internal inconsistencies within He’s testimony and inconsistencies between He’s testimony and his applications. For instance, while He stated in his first application that he was forced to “criticize” himself in front of the county committee, he later testified that he never *179 made any such statements. In addition, He never mentioned in his first application that he was arrested and detained. In his amended application, He stated that his wife’s IUD “fell out,” but he later testified that her IUD was removed at the hospital. He’s amended application stated that he managed to escape through an open window, but He testified that he escaped from detention by breaking a glass door with his foot. Most importantly, while He stated in his initial and amended applications that he was still in China at the time of his wife’s sterilization, he later testified that he learned of her sterilization from his wife’s sister over the phone after he left China.
The IJ’s characterization of the record is accurate. The record contains numerous inconsistencies that relate to essential elements of He’s claims for relief. The IJ was reasonable in determining that He’s explanations for such discrepancies were inadequate. With respect to the unexplained discrepancy and omission from the asylum application, the IJ could reasonably rely on this discrepancy without first soliciting an explanation for it, given that the discrepancy was “dramatically different” and related directly to He’s claim of persecution. The discrepancy therefore substantially supports the adverse credibility determination. See Ming Shi Xue v. BIA, 439 F.3d 111, 114 (2d Cir.2006); Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir. 2005).
The IJ also determined that He provided inconsistent hearing testimony with respect to how he escaped from detention, and why he returned to his hometown after having been in hiding for eight years. When He was confronted with these inconsistencies, he was unresponsive. He failed to provide any explanation, let alone a reasonable one, for any of these inconsistencies. Again, the IJ’s characterization of the record is accurate. These inconsistencies are not minor or isolated—each bears a legitimate nexus to the overall adverse credibility finding. We therefore see no reason to disturb the IJ’s adverse credibility finding, which is determinative to He’s underlying claims for relief.
For the BIA to reopen proceedings, a petitioner must present evidence that is material and was previously unavailable and undiscoverable at the former hearing. 8 C.F.R. § 1003.2(c)(1). Half of the documents submitted by He pre-dated his hearing. See Joint Appendix at 4-98. The other half included an x-ray examination report, produced in 2002; his sister’s Petition for Alien Relative, submitted in 1999; National ID cards of He’s sons, issued September 2, 1998, the day after He’s hearing, and February 1999; a letter, dated August 2002, from a person who adopted He’s second son; and a letter, dated August 2002, from He’s wife. Id. Both letters state that He’s son was given up for adoption on November 18, 1978. Id. at 79, 90. The x-ray examination report and letters from He’s wife and the woman who adopted their son—albeit new evidence—fail to provide information that was not previously discoverable during He’s immigration hearing and/or already known by the IJ. The National ID cards of He’s sons provide immaterial information. With respect to the 1-130 Petition for Alien Relative, although it states that He’s sister was naturalized in May 1997, a year prior to He’s immigration hearing, He provided no information regarding the status of the petition or whether the petition has ever been approved. Moreover, the petition could have been filed prior to his proceedings. Review would, therefore, be futile. See Iavorski v. INS, 232 F.3d 124, 134 (2d Cir.2000).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is *180 VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 84(a)(2), and Second Circuit Local Rule 34(d)(1).